**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

              Plaintiff,                  CRIMINAL NO. 17-20598
                                           HON. DENISE PAGE HOOD

v.

RAYMOND ADAMS,

              Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION**
**TO DISMISS [#40; #41] AND MOOTING DEFENDANT'S MOTION FOR**
**NOTICE UNDER RULES 404(b) AND 609 OF THE FEDERAL RULES OF**
**EVIDENCE [#42]**

**I.  BACKGROUND**

On September 1, 2017, a Complaint was filed against Defendant Raymond

W. Adams ("Adams").  (Doc # 1)  On September 7, 2017, Adams was charged by

Indictment with three counts of Possession of a Controlled Substance with Intent to

Distribute in violation of 21 U.S.C. § 841 (Counts I-III); Possession of a Firearm in

Furtherance of a Controlled Substance Distribution Offense in violation of 18

U.S.C. § 924(c) (Count IV); Possession of Firearm and Ammunition by a

Previously Convicted Felon in violation of 18 U.S.C. § 922(g)(1) (Count V); and

Maintaining a Drug Involved Premises in violation of 21 U.S.C. § 856 (Count VI). (Doc # 9)

On August 30, 2018, Adams filed a Motion to Dismiss Count Four of the Indictment. (Doc # 40; # 41)[1] The Government filed a Response on September 20, 2018. (Doc # 44) The Court denied this Motion on the record on November 13, 2018.

Adams also filed a Motion for Notice Under Rules 404(b) and 609 of the Federal Rules of Evidence on August 30, 2018. (Doc # 42) The Government has not responded to this Motion.

The charges brought against Adams relate to a search warrant executed on or about August 31, 2017 by officers of the Westland Police Department. The officers searched Adams' residence, which is located at 4523 Harriet Street in Inkster, Michigan. During the execution of the search warrant, the officers recovered powder cocaine, crack cocaine, heroin, and marijuana. A drug press, scales, cutting agents, and packaging materials were also confiscated by the police. In addition to the drug-related materials, the officers seized a .38 caliber Colt revolver and a Smith and Wesson M&P15, .223 caliber rifle. The .38 caliber

---

[1] Doc # 40 is the Motion and Doc # 41 is the brief in support of the Motion.

revolver was located in the kitchen on top of the refrigerator and the .223 caliber

rifle was found in the closet in the northwest bedroom.

## II. MOTION TO DISMISS COUNT FOUR OF THE INDICTMENT

### A. Standard of Review

Motions to dismiss in a criminal action are governed by Rule 12 of the

Federal Rules of Criminal Procedure. Rule 12 provides that a defendant may bring

a motion challenging "a defect in the indictment or information," including "a

claim that the indictment or information fails to invoke the court's jurisdiction or to

state an offense." Fed.R.Crim.P. 12(b)(3)(B). An indictment is sufficient if it,

first, contains the elements of the offense charged and fairly informs a defendant of

the charge against which he must defend, and, second, if it enables the defendant to

plead an acquittal or conviction in bar of future prosecutions for the same offense.

*Hamling v. United States,* 418 U.S. 87, 117 (1974). "An indictment as drafted is

presumed sufficient if it tracks statutory language, cites the elements of the crimes

charged, and provides approximate dates and times." *United States v. Chichy,* 1

F.3d 1501, 1504 n. 3 (6th Cir.1993). A motion to dismiss is limited to the four

corners of the indictment and that the allegations in the indictment are assumed to

be true and viewed in the light most favorable to the Government. *United States v.*

*Keller,* 2009 WL 2475454 *4 (E.D.Mich. Aug.11, 2009) (unpublished); *United*

*States v. Landham,* 251 F.3d 1072, 1080 (6th Cir.2001) (A trial court does not evaluate the evidence upon which the indictment is based in ruling on a motion to dismiss).

## B. Count Four

Adams seeks to dismiss Count Four of the Indictment, in which it is alleged that he violated 18 U.S.C. § 924(c). Adams argues that while two firearms were seized from his residence, there is no evidence that the firearms were possessed "in furtherance of" the drug trafficking crimes that the Government alleges he committed in Counts I-III. Adams' argument is premised on how courts have interpreted the term "in furtherance of." In support of his argument, Adams cites to *Bailey v United States,* 516 U.S. 137 (1995), and contends that there, the Supreme Court concluded that the "use" of a firearm under § 924(c) includes the "active employment" of a firearm, not mere possession. Additionally, Adams cites to *United States v. Mackey*, 265 F.3d 457 (6th Cir. 2001), where he argues that the Sixth Circuit ruled that the term "in furtherance of" is a stringent standard that cannot be satisfied by an individual possessing a firearm on the premises where a drug transaction occurred. Adams contends that in the instant case, the Government has not demonstrated that he possessed the firearms that were found in his residence to advance his alleged unlawful drug possession.

In response, the Government argues that Count Four of the Indictment should not be dismissed because it is facially valid. The Government claims that case law dictates that Count Four is valid since it: (1) contains the elements of the offense charged; (2) fairly informs Adams of the charge against which he must defend; and (3) enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. The Government further asserts that Adams' request to have the Court dismiss Count Four based on inadequate or insufficient evidence is also contrary to case law. It is the Government's contention that evidentiary questions such as the ones raised by Adams, should not be addressed in a motion to dismiss.

The statute at issue, 18 U.S.C. § 924(c)(1)(A), provides in pertinent part, "any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime" be sentenced to a term of imprisonment.

Count Four of Adams' Indictment reads:

On or about August 31, 2017, in the Eastern District of Michigan, Southern Division and elsewhere, RAYMOND W. ADAMS, in furtherance of a drug distribution offense, that is: Possession with Intent to Distribute a Controlled Substance, as charged in Counts 1, 2 and 3 of this Indictment, did possess firearms, specifically, a .38 caliber Colt revolver, serial number 272298, and a Smith and Wesson M&P15, .223 caliber rifle, serial number ST49559; all in violation of Title 18, U.S.C. § 924(c).

(Doc # 9)  In Count Four, the Government successfully tracks the language of 18 U.S.C. § 924(c)(1)(A) and provides the approximate date and place of the crime alleged.  Further, Count Four alleges adequate facts to place Adams on notice as to the crimes charged against him.  The Government is not required to allege any factual allegations as to *how* the firearms were used to "further" the underlying crimes; only that the firearms *were* used to further the underlying drug trafficking crimes.  Viewing the four corners of the Indictment in the light most favorable to the Government, the Court finds that the Government satisfied its burden regarding the sufficiency of Count Four of the Indictment.  Adams' Motion to Dismiss Count Four of the Indictment is denied.

I.  **MOTION FOR NOTICE UNDER RULES 404(b) AND 609 OF THE FEDERAL RULES OF EVIDENCE**

During a hearing on the instant Motions that was held on November 13, 2018, both parties came to an understanding regarding Adams' Motion for Notice Under Rules 404(b) and 609 of the Federal Rules of Evidence.  The Government agreed to assist Adams with his evidentiary requests.  Adams was satisfied with the

Government's response to his Motion. Adams' Motion for Notice Under Rules 404(b) and 609 of the Federal Rules of Evidence is moot.

## II. CONCLUSION

IT IS HEREBY ORDERED that Defendant Raymond Adams' Motion to Dismiss Count Four of the Indictment (Doc # 40; # 41) is **DENIED**.

IT IS FURTHER ORDERED that Defendant Raymond Adams' Motion for Notice Under Rules 404(b) and 609 of the Federal Rules of Evidence (Doc # 42) is **MOOT**.

s/Denise Page Hood
Chief Judge, U. S. District Court

Dated: December 13, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 13, 2018, by electronic and/or ordinary mail.

s/LaShawn Saulsberry
Case Manager