UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

CASE NO. 17-20598
HON. DENISE PAGE HOOD

v.

RAYMOND ADAMS,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION
FOR EMERGENCY COMPASSIONATE RELEASE [#133]**

**I. Introduction**

On February 5, 2019, Defendant was convicted by a jury of three counts of possession with intent to deliver cocaine and heroin, one count of possession of a firearm in furtherance of a controlled substance offense, two counts of felon in possession of firearm and ammunition, and one count of maintaining a drug involved premises. Defendant was sentenced to 180 months incarceration on May 6, 2021, with Judgment entered on October 20, 2021.

On October 25, 2021, *pro se* Defendant filed a Motion for Emergency Compassionate Release (the "Motion"). ECF No. 133. Defendant seeks a reduction of his 180-month sentence and immediate release from prison pursuant to 18 U.S.C.

1

§ 3582, due to his health conditions and the Covid-19 pandemic.  Several exhibits are attached to the Motion, including an 8-minute video of Defendant's efforts to lead a clean-up of a neighborhood.  The Government originally was ordered to respond by November 17, 2021, but after Defendant filed an exhibit in the traditional sense, the Court extended until December 3, 2021 the Government's deadline to file a response.  On November 30, 2021, the Government timely filed a response.  The Court also received documents from Defendant titled "Peremptory Mandamus for Viewing of Surgeries on Knees," ECF No. 139 (dated November 10, 2021, filed November 15, 2021), and "Writ for Peremptory Mandamus for Immediate Release," ECF No. 144 (postmarked November 22, 2021, filed December 6, 2021).  For the reasons set forth below, the Motion is denied as are Defendant's requests for peremptory mandamus.

## II.     Background

On or about September 1, 2017, Defendant was arrested on a variety of drug trafficking and firearm charges.  On September 25, 2017, following a detention hearing, Magistrate Judge Elizabeth Stafford ordered that Defendant be detained pending trial pursuant to 18 U.S.C. §3142(e)(3).  ECF No. 19. The Magistrate Judge determined that he was a danger to the community and a risk of nonappearance. *Id.* On January 26, 2018, Defendant filed a Motion for Revocation of Detention Order and Pretrial Release. ECF No. 26.  After that motion was briefed and a hearing was

held, the Court denied Defendant's motion. ECF No. 33. On January 23, 2019, during his trial, Defendant made an oral motion for bond. The Court denied Defendant's oral motion for bond on January 24, 2019. *See* ECF No. 67. On October 2, 2020, the Court entered an order Denying Defendant's Emergency Motion for Revocation of Detention Order. ECF No. 105.

Defendant is a 39-year-old black male currently incarcerated at the Milan Correctional Facility. He has been diagnosed with severe and persistent asthma (diagnosed and treated prior to his incarceration), bronchitis, acute upper respiratory infection, trouble breathing, knee pain in "joint lower leg," post-op knee surgery and other illnesses. Defendant also contracted and recovered from Covid-19, without incident, in December 2020.

Defendant states that, since being in custody on the underlying charges, he has been transported from jail to medical facilities numerous times, including on July 2, 2018 for a severe asthma condition, on November 9, 2018 for the same reason, and an admittance to St. Joseph's Hospital in Ann Arbor on December 30, 2018 with complaints of trouble breathing and asthma. He indicates that at a BOP Health Services physical conducted on November 9, 2018, he was diagnosed with severe and persistent asthma, acute upper respiratory infection, and knee pain. Defendant has had two major knee surgeries, and his physical therapy has been limited due to Covid-19. He has been diagnosed as obese, his mobility is limited,

he primarily utilizes a wheelchair, and he insists that he needs corrective surgery with respect to the procedure that was performed on one of his knees. Following a fight or attack, Defendant claims to have suffered head injuries and sustained lacerations to his forehead that required "steristrips" to treat the injury.

Defendant represents that he is willing to be subject to and comply with any and all conditions the Court deems appropriate. Defendant has included numerous documents of support and requests for his release, including from his wife, brother, and many community members.

### III. Analysis

A court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). A court must weigh the sentencing factors set forth in 18 U.S.C. § 3553(a) and determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. Although this Court and many others previously believed that U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) constituted the "applicable policy statement[]" with which courts must comply under 18 U.S.C. § 3582(c)(1)(A), the Sixth Circuit has now established that Section 1B1.13 is not applicable, nor is it to be considered by the Court, when determining whether there are extraordinary and compelling reasons warranting a reduction in sentence. *See, e.g., United States v. Hampton*, No. 20-3649

(6th Cir. Jan. 19, 2021); *see also United States v. Elias*, No. 20-3654 (6th Cir. Jan. 6, 2021); *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020).

"Extraordinary" is defined as "exceptional to a very marked extent." Webster's Third International Dictionary, Unabridged (2020). "Compelling" is defined as "tending to convince or convert by or as if by forcefulness of evidence." *Id.* A court in the Eastern District of Michigan has described the requirements of "'extraordinary' as beyond what is usual, customary, regular, or common" and "'compelling reason' as one so great that irreparable harm or injustice would result if the relief is not granted." *See United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *3 (E.D. Mich. Jan. 31, 2020) (citations omitted). And, as the Tenth Circuit recently explained, a district court "lack[s] jurisdiction" to grant compassionate release when a defendant's circumstances do not fall within those categories. *United States v. Saldana*, 807 F. App'x 816, 820-21 (10th Cir. 2020).

The Court denies Defendant's Motion on the merits. For purposes of the Court's analysis regarding the Section 3553(a) factors, the Court will accept as true Defendant's contention that his health conditions <u>may</u> constitute an "extraordinary and compelling reason" for release.[1] Even making that assumption, however, the

---

[1] The Court notes, as did Defendant and the Government, that Defendant has been fully vaccinated against the Covid-19 virus since approximately October 14, 2021, having received the two doses of the Pfizer Covid-19 vaccine on September 9, 2021 and September 27 (or 29), 2021. Courts have almost uniformly recognized that defendants (including incarcerated defendants) are "not at high risk of contracting severe COVID-19 because [they] . . . have received both doses of

5

Court denies Defendant's Motion for Compassionate Release after a consideration of all of the Section 3553(a) factors, in particular his criminal history and the nature and characteristics of the instant case.

### A. Magistrate Judge and This Court Have Repeatedly Detained Defendant After Determining Defendant was Danger to Community and Risk of Nonappearance

The Magistrate Judge determined that Defendant should be detained pending trial, ECF No. 19, and the Court has twice denied Defendant's request that his detention be revoked. ECF Nos. 33 and 67. As the Court stated on April 17, 2018:

> His Indictment satisfies the Government's preliminary burden to show probable cause and to establish the presumption of detention. The Court finds that he has not put forward sufficient evidence to overcome the presumption in favor of detention. Adams offers that he is not a danger to the community nor a flight risk. However, Adams admitted to possession of the rifle even though he knew he had a prior felony. Adams resided in and owned the properties where the drugs, guns, and other paraphernalia were found. The Government notes that it has evidence connecting Adams to the locations where the items were recovered. (Doc # 27, Pg. 2) The weight of the evidence against Adams is substantial. The Government notes that the 18 U.S.C. § 924(c) charge against Adams carries a five year mandatory minimum. Adams will likely receive a lengthy prison sentence, which provides him with reason to flee. The Court notes that the Pretrial Services Report indicates that Adams has access to financial resources ranging in the tens of thousands of dollars. Regarding Adams's characteristics, he has a substantial criminal history, including four state felony charges.

---

the Pfizer vaccine." *United States v. Groom*, 2021 WL 1220225, at *2 (S.D. Ohio Apr. 1, 2021). As of November 24, 2021 (when the Government last checked), there were 0 inmate cases of Covid-19 infection then-existing; as of December 8, 2021, there were still 0 inmate cases – and 2 staff cases. https://www.bop.gov/coronavirus/ (last checked December 8, 2021).

> Adams also indicated that he is an occasional substance abuser of alcohol and marijuana.

ECF No. 33, PageID 103. And, as the Court stated on January 24, 2019:

> I think this order is from April of 2018 relative to denying the defendant's motion for revocation of detention order. And a number of the things that were the deciding factors of the Court at that time, relative to detention, I think still exists. Including failures on his part to appear in the past when he was either on supervised release or probation or pretrial detention.
>
> I don't think anything has changed in that regard. And I would stand by that, that order in denying your current motion for a bond.

ECF No. 85, PageID 785-86.

On October 2, 2020, in the Denying Defendant's Emergency Motion for Revocation of Detention Order and referencing the foregoing paragraph, the Court found that:

> None of those facts have changed, except that Defendant has now been convicted of the crimes with which he was charged, and he now is facing a mandatory minimum prison term of 15 years. Accordingly, the Court finds that Defendant presents a clear and convincing risk of danger to the community and risk of nonappearance if he is released [pending sentencing], even if he is subject to home confinement and an electronic monitoring system.

ECF No. 105, PageID.1861.

### B. "New" Circumstances

In the present Motion, Defendant argues that extraordinary and compelling reasons justify the reduction of his sentence and immediate compassionate release:

7

1. The Delta variant of Covid-19 in light of his health issues, including "severe and persistent asthma, bronchitis, acute upper respiratory infection, difficulty breathing, major knee surgeries, post-op right and left knee surgery, along with obesity and multiple other underlying conditions." ECF No. 133, PageID.2098.

2. His pre-existing asthmatic condition has required an emergency room visit (July 2018), as described above. *Id.*

3. "While in isolation [due to Covid-10], [he] had numerous attacks and lost mobility due to the lack of adequate medical attention [and] [t]he resurgence of the Delta Variant has prevented [him] from receiving physical therapy" *Id.* Based on letters attached to the Motion, it appears that Defendant was attacked and beaten while sleeping in his cell, when another person tried to murder Defendant.

4. He "desperately needs proper medical attention to the internal knee surgeries and a CAT scan or MRI for the head trauma he suffered [when he was] nearly murdered in his sleep under custody." *Id.* at PageID.2101.

Several letters of support for Defendant are attached to the Motion, one of which is a letter from his wife (Jennifer Adams) regarding Defendant's medical condition. In that letter, Mrs. Adams notes that it took the BOP over three months after sentencing to get Defendant any medical treatment for Defendant's broken leg, even though "you told the guards to make sure he received medical treatment once he [was] returned to Milan prison." *Id.* at PageID 2105. She states that Defendant is still in need of physical therapy and possibly corrective surgery on one of his knees (which echoes a claim of Defendant in his writ of peremptory mandamus for immediate release filing, ECF No. 144). Mrs. Adams requests that, even if Defendant is not released, Defendant be moved to a medical facility because he "did

not receive a life sentence, and needs to be healthy for his kids and himself when he returns. The conditions he is forced to be in are inhumane, he is not healing properly and is deteriorating more every day he goes untreated." *Id.*

**C. Analysis**

A court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Before a court grants compassionate release, it must consider the factors set forth in 18 U.S.C. § 3553(a) and determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.. See also United States v. Knight*, 2020 WL 3055987, at *3 (E.D. Mich. June 9, 2020) ("The § 3553(a) factors . . . weigh against his request for compassionate release."); *United States v. Murphy*, No. 15-20411, 2020 WL 2507619, at *6 (E.D. Mich. May 15, 2020) (denying compassionate release because "the 18 U.S.C. § 3553(a) sentencing factors do not favor release"); *United States v. Kincaid*, 802 F. App'x 187, 188–89 (6th Cir. 2020) (upholding a district court's denial of compassionate release based on the § 3553(a) factors).

The Court therefore assesses: (a) the nature and circumstances of the offense and history and characteristics of Defendant; and (b) the need for the sentence imposed to reflect the seriousness of the offense, to adequately deter criminal conduct and further crimes of Defendant, and to provide Defendant with needed

9

educational or vocational training and medical care. The Court concludes that the factors in § 3553(a) do not support granting a compassionate release in this case.

First, as the Court indicated previously, the nature and circumstances of the underlying offense and Defendant's history and characteristics weigh heavily against granting any reduction in Defendant's sentence:

> . . . Defendant . . . has been convicted of the drug and illegal gun possession charges in this case – and other cases. In addition to the present convictions, Defendant has four prior state felony convictions and five prior misdemeanor convictions. Defendant has an earlier state firearm conviction and a conviction in the United States District Court, Western District of Michigan for conspiracy to distribute and distribution of heroin, for which he was sentenced to 84 months in prison. After his release from federal prison on that Western District of Michigan conviction, he twice violated his supervised release in that case.

ECF No. 105, PageID.1866.

Second, the Court imposed a sentence of 180 months (15 years) due to the seriousness of his criminal conduct and his criminal history. The Court finds that reducing Defendant's sentence by approximately 10 years (2/3 of the imposed sentence) would not promote respect for the law, provide just punishment for Defendant's offense, deter criminal conduct generally or protect the public from further crimes of Defendant. The Court concludes that a consideration of those factors likewise weighs heavily against granting any reduction in Defendant's sentence.

Third, the Court finds that concerns regarding Covid-19, although understandable generally, are drastically lessened by the fact that Defendant is fully vaccinated against the Covid-19 virus and has been fully vaccinated for two months. If Defendant again contracts Covid-19, he is unlikely to become severely ill or die as a result. The Court acknowledges that Defendant may have legitimate concerns regarding medical treatment he has (or has not) received during his incarceration, including a lack of physical therapy for his knee surgery(ies), as well as risks to his personal security due to attack(s) by others. This factor provides some basis for which a court could consider granting a reduction in a defendant's sentence, but the Court finds that even these circumstances do not support a finding of "extraordinary and compelling reasons" for compassionate release.

Fourth, even if the Court were to find that Defendant has set forth an extraordinary or compelling reason for release based on his health conditions generally or in light of the Covid-19 pandemic, the danger Defendant presents to the community is too great. The efforts to reduce inmate populations on COVID-19 (and other) grounds generally have centered on low-risk offenders, not persons like Defendant. He has been convicted of the drug and illegal gun possession charges in this case – and other cases, including an earlier state firearm conviction and a conviction in the United States District Court, Western District of Michigan, for conspiracy to distribute and distribution of heroin. In the latter instance, he was

sentenced to 84 months in prison and, after his release, he twice violated his supervised release in that case an subsequently engaged in the dangerous illegal conduct underlying his current convictions. Defendant also has had 13 disciplinary infractions since 2017 while incarcerated in this matter, ECF No. 142, Ex. A, demonstrating a continued failure to comply with rules.

For the foregoing reasons, and after consideration of the Motion in light of the Section 3553(a) factors, the Court concludes that Defendant's extraordinary and compelling circumstances argument is inadequate. The Court also concludes that a peremptory mandamus for viewing of surgeries on Defendant's knees or immediate release in order to have corrective surgery on one of knees is not warranted. The Motion is denied, as are his mandamus requests.

The Court is concerned about the medical care Defendant is receiving in prison and does urge and recommend that the BOP ensure Defendant has the opportunity to participate in physical therapy for his knee(s) to the fullest extent possible and to provide Defendant with consultation to determine whether corrective surgery is advisable with respect to the knee at issue.

## IV. Conclusion

Accordingly,

IT IS ORDERED that Defendant's Motion for Emergency Compassionate Release [ECF No. 133] is DENIED.

IT IS FURTHER ORDERED that Defendant's "Peremptory Mandamus for Viewing of Surgeries on Knees" [ECF No. 139] and "Writ for Peremptory Mandamus for Immediate Release" [ ECF No. 144] are DENIED.

                                                   s/Denise Page Hood
                                                   DENISE PAGE HOOD
Dated: December 9, 2021       UNITED STATES DISTRICT JUDGE