UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

  Plaintiff,        CASE NO. 17-20598
                HON. DENISE PAGE HOOD
v.

RAYMOND ADAMS,

  Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTIONS FOR RELIEF FROM JUDGMENT AND FOR NEW TRIAL [ECF Nos. 148, 149, 155, 156]**

On February 5, 2019, Defendant was convicted by a jury of three counts of possession with intent to deliver cocaine and heroin, one count of possession of a firearm in furtherance of a controlled substance offense, two counts of felon in possession of firearm and ammunition, and one count of maintaining a drug involved premises. Defendant was sentenced to 180 months incarceration on May 6, 2021. On May 13, 2021, Defendant filed a Notice of Appeal, ECF No. 117, though Judgment was not entered on October 20, 2021.

Defendant filed two motions in this Court in December 2021, and two motions in this Court in February 2022. *See* ECF Nos. 148, 149, 155, 156. The first motion is a motion for relief from judgment and the next three motions are motions for a new trial. However, "[i]t is well settled that the filing of the notice of appeal with

the district court clerk deprives the district court of jurisdiction to act in matters involving the merits of the appeal." *United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984) (footnote omitted). It is "generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982) (per curiam).

The Court finds that the four motions filed by Defendant in December 2021 and February 2022, all submitted to this Court after the Notice of Appeal was filed, pertain to the same issues presented to the Court of Appeals. For that reason, the undersigned lacks jurisdiction to consider the relief sought, and all four motions are DENIED. See Fed. R. Crim. P. 37(a)(2) ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may ... deny the motion[.]").

Accordingly,

IT IS ORDERED that Defendant's motions for relief from judgment and for new trial [ECF Nos. 148, 149, 155, 156] are DENIED.

s/Denise Page Hood
DENISE PAGE HOOD
Dated: July 19, 2022     UNITED STATES DISTRICT JUDGE